1  Laurie Edelstein (Bar No. 164466)
2  Caroline Hirst (Bar No. 334043)
   JENNER & BLOCK LLP
3  455 Market Street, Suite 2100
   San Francisco, California 94105
4  Telephone: (628) 267-6800
   LEdelstein@jenner.com
5  CHirst@jenner.com

6  Rachael M. Trummel (admitted *pro hac vice*)
7  Daniel J. Weiss (admitted *pro hac vice*)
   JENNER & BLOCK LLP
8  353 North Clark Street
   Chicago, IL 60654
9  Telephone: (312) 222-9350
   RTrummel@jenner.com
10 DWeiss@jenner.com

11
   *Attorneys for Defendants*
12 *Northern Trust Corporation*
   *and The Northern Trust Company*
13

14
                **UNITED STATES DISTRICT COURT**
15
              **NORTHERN DISTRICT OF CALIFORNIA**
16
                 **SAN FRANCISCO DIVISION**
17

18 CHANDLER EMERSON, individually and on    ) Case No. 3:23-cv-00241-TLT
   behalf of others similarly situated,      )
19                                           ) Hon. Trina L. Thompson
                                             )
20             Plaintiff,                    ) **DEFENDANTS NORTHERN TRUST**
                                             ) **CORPORATION AND THE**
21       v.                                  ) **NORTHERN TRUST COMPANY'S**
                                             ) **NOTICE OF MOTION AND MOTION**
22 NORTHERN TRUST CORPORATION, and          ) **TO DISMISS PLAINTIFF'S**
   THE NORTHERN TRUST COMPANY,               ) **AMENDED COMPLAINT**
23                                           )
               Defendants.                   ) Hearing Date: October 24, 2023
24                                           ) Time: 2:00 p.m.
                                             ) Courtroom: 9, 19th Floor
25                                           )
                                             ) Action Filed: November 10, 2022
26                                           )
                                             )
27 _____ )

28

---

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

# **TABLE OF CONTENTS**

STATEMENT OF ISSUES TO BE DECIDED ...................................................................... 5

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 6

INTRODUCTION ................................................................................................................ 6

BACKGROUND ................................................................................................................. 8

    A.    The Initial Complaint and the Court's June 20 Dismissal Order. .......................... 8

        1.    The Initial Claims ...................................................................................... 8

        2.    The June 20 Order ..................................................................................... 8

    B.    The Amended Complaint ..................................................................................... 10

ARGUMENT ..................................................................................................................... 12

I.    Plaintiff's Class Action Settlement Service Charge-Related Claims Again Fail ............. 13

    A.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty Based on the Class Action Settlement Service Charge. ............................................... 13

    B.    Plaintiff Fails to State a UCL Claim Based on the Class Action Settlement Service Charge ...................................................................... 15

    C.    Plaintiff Fails to State a Claim for Accounting Based on the Class Action Settlement Service Charge ....................................................... 17

    D.    Plaintiff Fails to State a Claim for Unjust Enrichment, Quasi-Contract, or Restitution Based on the Class Action Settlement Service Charge ................. 17

II.    Plaintiff's Attempts to Avoid This Court's Statute of Limitations Ruling Fail............... 18

    A.    *American Pipe* Tolling Does Not Apply............................................................ 19

    B.    The Discovery Rule Still Does Not Toll Plaintiff's Claims. ............................... 20

    C.    The Continuing Violation Doctrine Does Not Apply. .......................................... 22

III.    Plaintiff Again Fails to Allege Tax Return Preparation Fee-Related Claims for Accounting, Unjust Enrichment, and UCL (Unfair Prong) ............................................. 22

IV.    Plaintiff Again Fails to State Any Claim Against NTCORP .......................................... 24

CONCLUSION.................................................................................................................. 26

**JENNER & BLOCK LLP**
**455 Market Street, Suite 2100**
**San Francisco, CA 94105**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974) ..................................................................................................7, 15, 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..............................................................................................................8

*Bastidas v. Good Samaritan Hosp.*,
    No. 13-cv-04388-SI, 2014 WL 3362214 (N.D. Cal. July 7, 2014) ......................................21

*Beasley v. Lucky Stores, Inc.*,
    No. 18-cv-07144-MMC, 2020 WL 408971 (N.D. Cal. Jan. 24, 2020)..................................15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................8, 9

*Brazil v. Dole Food Co.*,
    935 F. Supp. 2d 947 (N.D. Cal. 2013) ...............................................................................14

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*,
    878 F. Supp. 2d 1009 (C.D. Cal. 2011) .............................................................................15

*China Agritech v. Resh*,
    138 S. Ct. 1800 (2018)........................................................................................................16

*Chinatown Neighborhood Ass'n v. Harris*,
    794 F.3d 1136 (9th Cir. 2015) .............................................................................................9

*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ...........................................................................................15

*Delphix Corp. v. Actifo, Inc.*,
    No. 13-cv-4613-RS, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) ...............................11, 21

*Focus 15, LLC v. NICO Corp.*,
    No. 21-cv-01493-EMC, 2022 WL 267441 (N.D. Cal. Jan. 28, 2022)..................................18

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*,
    No. 17-cv-06656-AB-FFMX, 2019 WL 6998668 (C.D. Cal. Sept. 5, 2019)........................15

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) ..................................................................................................14, 17

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .............................................................................................8

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

*Henderson v. Bank of New York Mellon*,
    332 F. Supp. 3d 419 (D. Mass. 2018) ...................................................................17

*Lazzarone v. Bank of Am.*,
    181 Cal. App. 3d 581 (1986) ....................................................................10, 17

*In re Lopez' Est.*,
    79 Cal. App. 2d 399 (1947) ..................................................................................9

*McKenna v. WhisperText*,
    No. 14-cv-00424-PSG, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) ...................17

*In re McLaughlin's Est.*,
    43 Cal. 2d 462 (1954) ...........................................................................................11

*Menzel v. Scholastic, Inc.*,
    No. 17-cv-05499-EMC, 2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) ...........11, 21

*Pantoja v. Countrywide Home Loans, Inc.*,
    640 F. Supp. 2d 1177 (N.D. Cal. 2009) ...............................................................21

*Price v. Apple, Inc.*,
    2022 WL 1032472 (N.D. Cal. April 6, 2022) .......................................................20

*Ruberson v. Gerdau Reinforcing Steel*,
    No. 19-cv-01533, 2020 WL 3891679 (C.D. Cal. Apr. 10, 2020) ...........................12

*Sharma v. Volkswagen AG*,
    524 F. Supp. 3d 891 (N.D. Cal. 2021) .................................................................13

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ...............................................................12, 14, 20

*Suruki v. Ocwen Loan Servicing, LLC*,
    No. 15-cv-00773-JST, 2016 WL 7741734 (N.D. Cal. July 22, 2016)....................13

*Synopsys, Inc. v. ATopTech, Inc.*,
    No. 13-cv-2965-MMC, 2015 WL 4719048 (N.D. Cal. Aug. 7, 2015)....................12

*Tawfik v. JPMorgan Chase Bank, N.A.*,
    No. 20-cv-02946-JSC, 2020 WL 5074398 (N.D. Cal. Aug. 26, 2020) ..................18

*Tosti v. City of Los Angeles*,
    754 F.2d 1485 (9th Cir. 1985) ............................................................................16

**Statutes**

Cal. Prob. Code § 15681 .............................................................................................9

Cal. Prob. Code § 15686(a)..........................................................................................9

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

Cal. Prob. Code § 15686(b) ........................................................................................9

Cal. Prob. Code § 16062 ...........................................................................................13

Cal. Prob. Code § 17200(b)(7) ..................................................................................13

California Elder Abuse Act .......................................................................................4, 9

California's Unfair Competition Law (Bus. & Prof. Code § 17200) .............................3

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..........................................................1, 8, 22

June 20, 2023 Order (ECF No. 34) ..................................................................... *passim*

**JENNER & BLOCK LLP**
**455 Market Street, Suite 2100**
**San Francisco, CA 94105**

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that, on October 24, 2023 at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 9, San Francisco Courthouse, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Trina L. Thompson, Defendants Northern Trust Corporation ("NTCORP") and The Northern Trust Company ("Northern Trust") (together, "Defendants") will, and hereby do, move the Court to enter an order dismissing (1) Claims IV-VIII to the extent based on Northern Trust's class action settlement service charge, (2) Claims I-VIII to the extent based on any fee-related claim arising more than three or four years (depending on the claim) prior to the filing of this lawsuit, (3) with respect to Northern Trust's tax return preparation fee, Claim II, Claim III and Claim IV (UCL, unfair prong), and (4) all claims against NTCORP, as set forth in the First Amended Complaint ("Amended Complaint") filed by Plaintiff Chandler Emerson ("Plaintiff") in this action on July 5, 2023 (ECF No. 39).

This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and is based on this Notice of Motion, Motion, and Memorandum and Points of Authorities; the other pleadings and papers on file in this matter, including, without limitation, this Court's June 20, 2023 order granting in part and denying in part[1] Defendants' motion to dismiss Plaintiff's initial complaint (June 20, 2023 Order ("June 20 Order"), ECF No. 34), and any additional information and argument that may be presented to the Court before or during the hearing.

## STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Court should again dismiss Plaintiff's claims related to the class action settlement service charge (Claims IV-VIII) because Plaintiff failed to cure the deficiencies that the Court identified in its June 20 Order.

2.     Whether the Court should again hold, as it did in its June 20 Order, that Plaintiff's claims regarding Northern Trust's tax return preparation fee (and, for that matter, any class action service charge) are "time barred" to the extent they arose more than "three or four years [ago],

---

[1] Defendants respectfully disagree with the Court's determination that any of Plaintiff's claims in her initial complaint were adequately pled and incorporate their arguments from their initial motion (ECF No. 17) to the extent necessary to preserve those arguments for further proceedings.

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                    CASE NO. 3:23-cv-00241-TLT

depending on the claim" (*id.* at 7), because Plaintiff again failed to plead facts showing that the discovery rule or any other form of tolling applies to her claims.

3.    Whether the Court should again hold, as it did in its June 20 Order, that Plaintiff's accounting, unjust enrichment, and UCL (unfair prong) claims relating to Northern Trust's tax return preparation fee (*id.* at 8–11) are legally insufficient because Plaintiff again failed to plead facts sufficient to support any of those claims.

4.    Whether the Court should again dismiss, as it did in its June 20 Order, all claims against NTCORP because Plaintiff again failed to allege facts plausibly showing that NTCORP (which is merely the corporate parent of Northern Trust) directly participated in any conduct supporting liability.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In her Amended Complaint, Plaintiff attempts to evade four key rulings from the Court's June 20 Order, but each effort fails.

*First*, Plaintiff attempts to revive her claim that Northern Trust breached its fiduciary duties and otherwise violated California law by charging the Fallgren Trust a $25 service charge when Northern Trust's services yielded a securities class action settlement payment for the trust. The Court previously dismissed all such claims because Plaintiff had not alleged sufficient facts to plausibly show that Northern Trust breached any duty by assessing the class action service charge. June 20 Order, ECF No. 34, at 8. The Amended Complaint adds nothing to change that result. Plaintiff adds no well-pled allegations to support her conclusory assertion that the charge is unreasonable or otherwise unlawful. Plaintiff's few new allegations only reinforce that Northern Trust's class action settlement services go beyond Northern Trust's regular duties as a trustee.

*Second*, Plaintiff attempts to avoid the Court's ruling that her tax return preparation fee-related claims are "time barred" to the extent they arose more than "three or four years [before the filing of this lawsuit], depending on the claim." June 20 Order, ECF No. 34, at 7. The Court properly rejected Plaintiff's attempted reliance on the discovery rule, including because Plaintiff herself alleged that she received the account statements and other documents that put her on inquiry

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

notice (at least) of any putative claims relating to Northern Trust's tax return preparation fees. *Id.* Plaintiff now asserts that her claims (at least with respect to the tax return preparation fee) "go back to 2013"—more than *nine years* before she filed this lawsuit.  Am. Compl, ECF No. 39, ¶¶ 22-23. But Plaintiff's arguments for tolling are both incorrect as a matter of law and not supported by well-pled factual allegations. The Court should again hold that any claims that arose more than three or four years before this lawsuit was filed are time-barred.

*Third*, Plaintiff relies on rote, conclusory, and therefore legally insufficient allegations in an effort to revive three previously-dismissed claims relating to the tax return preparation fee— specifically, her putative claims for accounting, unjust enrichment, and violation of California's Unfair Competition Law (Bus. & Prof. Code § 17200) ("UCL") (unfair prong). The Amended Complaint adds nothing of substance. Plaintiff merely reiterates the bare assertions and theories the Court has already rejected as legally insufficient. The same result should follow here.

*Last*, Plaintiff attempts to reassert claims against NTCORP, Northern Trust's parent company, which the Court previously dismissed based on Plaintiff's failure to "allege facts sufficient to show that NTCORP directly participated [in the wrongful conduct]." June 20 Order, ECF No. 34, at 13. Plaintiff does not plead any facts that should lead the Court to a different conclusion. As before, Plaintiff's allegations indicate at most that NTCORP is the corporate parent of Northern Trust (and other affiliated entities) and engages in the normal activities of a corporate parent, such as owning subsidiaries and appointing corporate officers. Plaintiff adds a handful of speculative "information and belief" and otherwise implausible allegations about NTCORP, none of which is sufficient to plausibly support any claim against NTCORP.

For these reasons, Defendants request that the Court enter an Order: (1) again dismissing all of Plaintiff's putative claims relating to the class action service charge; (2) again dismissing as time-barred any claim based on a tax return preparation fee (or, for that matter, class action service charge) that arose more than three or four years, depending on the claim, prior to the filing of Plaintiff's initial state court complaint; (3) again dismissing Plaintiff's accounting, unjust enrichment, and UCL (unfair prong) claims relating to the tax return preparation fees charged to the Fallgren Trust; and (4) again dismissing all claims against NTCORP.

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

## BACKGROUND

**A.    The Initial Complaint and the Court's June 20 Dismissal Order.**

### 1.    The Initial Claims

In her initial complaint, Plaintiff alleged that she is a beneficiary of a trust (the "Fallgren Trust") administered by Northern Trust since 1991. Plaintiff's primary theory was that Northern Trust breached its fiduciary duty to the trust by charging two fees on top of a general trust administration fee: (1) a flat fee, pursuant to Northern Trust's published fee schedule, to prepare the trust's annual tax returns; and (2) a class action settlement service charge when Northern Trust obtains a securities class action settlement payment for the trust. Plaintiff asserted that a separate fee in any amount was a *per se* unlawful overcharge because, according to Plaintiff, it duplicates the trust administration fee. June 20 Order, ECF No. 34, at 4.

Plaintiff also asserted several tag-along California state law claims relating to each fee.  In total, Plaintiff asserted the following putative claims: (1) breach of fiduciary duty based on the tax return preparation fee (Claim I), accounting based on the tax return preparation fee (Claim II), unjust enrichment based on the tax return preparation fee (Claim III), violation of the UCL based on the tax return preparation fee and class action service charge (Claim IV), breach of fiduciary duty based on the class action service charge (Claim V), accounting based on the class action service charge (Claim VI), unjust enrichment based on the class action service charge (Claim VII), and violation of the California Elder Abuse Act based on the tax return preparation fee and class action service charge (Claim VIII). June 20 Order, ECF No. 34, at 1-2. Plaintiff sued in her individual capacity and on behalf of two putative "California only" classes.

### 2.    The June 20 Order

Defendants moved to dismiss the initial complaint. ECF No. 17. The Court granted that motion in substantial part. ECF No. 34. In dismissing several of Plaintiff's claims, the Court reached the following conclusions that bear directly on the present motion:

**Plaintiff Failed to Adequately Plead Any Class Action Service Charge Claims.** The Court held that Plaintiff failed to allege facts sufficient to support the necessary inference that the class action service charge was unreasonable and, therefore, Plaintiff's allegations were "not

sufficient to plead [any] claim" related to that charge. June 20 Order, ECF No. 34, at 8. Although Plaintiff alleged that "the duties associated with depositing a class action settlement do not differ from any other deposit and are part of the normal administration of the trust," the Court observed that Plaintiff acknowledged in her briefing that the fee may cover services beyond merely depositing settlement proceeds, including "filling out a claim form." *Id.* And while Plaintiff characterized Northern Trust's class action services as "nothing special or extraordinary," the Court noted that Plaintiff "[had] not cited any authority to suggest that *processing* class action settlements is a regular part of a trustee's duties." *Id.* (emphasis added).

**Claims Arising More Than 3 or 4 Years Prior to Lawsuit Are Time-Barred**. The Court held that any claims relating to the tax return preparation fee were time-barred to the extent they arose more than 3 or 4 years (depending on the claim) before the filing of this lawsuit. *Id.* at 6-7. The Court rejected Plaintiff's invocation of the discovery rule to toll the limitations periods, notwithstanding Plaintiff's unsupported assertion that the fee was a "single, buried line item" in her regularly received account statements that did not reveal Northern Trust's internal costs to prepare tax returns or whether the returns were prepared "overseas." *Id.* at 7. Instead, the Court found that, according to Plaintiff's own allegations, Northern Trust indisputably disclosed the tax return preparation fee in the account statements and other documents Plaintiff admittedly received. *Id.* On that basis, the Court held: (1) "Plaintiff was on notice of the Tax Returns Fee and could have investigated, particularly as Plaintiff alleged that any amount of fee for preparing tax returns is a breach of fiduciary duty," and (2) it was not "plausible that Plaintiff could not have uncovered these facts" had she investigated. *Id.*

**Plaintiff Failed to Adequately Plead Any Tax Preparation Fee-Related Recordkeeping, Accounting, Unjust Enrichment, and UCL (Unfair Prong) Claims**. For each claim, the Court held that the initial complaint was legally insufficient because, among other things, Plaintiff identified no legal authority requiring a trustee to "maintain records of, or account to Plaintiffs for" the "actual cost" of its services. *Id.* at 6 (internal quotations omitted); *see also id.* at 8-11.

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

---

**Plaintiff Failed to Adequately Plead Any Claims Against NTCORP.** The Court dismissed all claims against NTCORP because Plaintiff failed to allege "facts sufficient to show that NT Corp directly participated in the wrong complained of." *Id.* at 13 (quotations omitted). Instead, Plaintiff alleged only that NTCORP "is Northern's parent" and "approves Northern's business plans" and "senior management." *Id.* at 12-13. The Court correctly held that those allegations were "akin to the activities of a parent that do not give rise to liability." *Id.* at 13.

**B.     The Amended Complaint**

With the exception of recordkeeping, Plaintiff repled all the claims from her initial complaint, including virtually every claim and theory this Court rejected. Plaintiff attempts to salvage the dismissed claims with largely superficial changes to her pleading. The changes consist primarily of legal arguments, not factual allegations (*e.g.*, Am. Compl., ECF No. 39 ¶¶ 159–160), conclusory and rote assertions meant to superficially fill in the most glaring pleading deficits that the Court identified (*e.g., id.* ¶¶ 16-19), and numerous paragraphs of "information and belief" speculation (*e.g.*, *id.* ¶¶ 15, 18, 41, 103).

**Class Action Service Charge.** Plaintiff added a handful of allegations to the effect that Northern Trust developed and utilizes technological systems to monitor class action settlements and process claims and distributions for trusts. *Id.* ¶¶ 123-24. Plaintiff makes most of those allegations on "information and belief." *Id.* ¶¶ 120, 123-25. None addresses the Court's finding that Plaintiff failed to plausibly allege that the fee "covers only depositing a class action settlement." June 20 Order, ECF No. 34, at 8. Indeed, confirming the Court's June 20 finding, Plaintiff's new allegations acknowledge that Northern Trust does much more than deposit settlement proceeds. Plaintiff now admits that Northern Trust's services include developing and maintaining technological systems; monitoring class action settlements to identify those that may implicate trust assets; preparing, filing, and processing claims; and disbursing settlement proceeds obtained through Northern Trust's efforts. Am. Compl., ECF No. 39, ¶¶ 120-124. Plaintiff alleges "on information and belief" that Northern Trust uses computers for some of this work and, from there, Plaintiff jumps to the unfounded conclusion that Northern Trust spends "minimal time and cost" on these services. *Id*. ¶ 124. Plaintiff also recycles her conclusory assertion from her initial

complaint that Northern Trust's services processing class action distributions "are part of [its] basic trust administration duties" (*id.* ¶ 16)—an assertion this Court already found legally insufficient. June 20 Order, ECF No. 34, at 8.

**Statute of Limitations.**  In an attempt to revive the claims that the Court ruled time-barred, Plaintiff added a new section entitled "Plaintiff's And The Putative Class Claims Go Back To 2013" to her Amended Complaint. Am. Compl., ECF No. 39, at 22. This new section—which consists almost entirely of legal argument—asserts three tolling-related arguments, all of which are incorrect:

- Plaintiff asserts that her tax return preparation fee-related claims were tolled pursuant to the *American Pipe* doctrine during the pendency of the *Banks* lawsuit in the U.S. District Court for the Central District for California. But *American Pipe* does not apply because federal courts must look to California state tolling principles, and California does not recognize cross-jurisdictional tolling of California statutes of limitations based on prior federal lawsuits.

- Plaintiff again argues that the discovery rule tolled her claims because the challenged tax return preparation fee was supposedly "buried in pages of documents" and, she says, may have included some undisclosed profit or "secret[] markup[]." Am. Compl., ECF No. 39, ¶ 161.[2] But those allegations substantially duplicate those the Court already found insufficient. Plaintiff admittedly received account statements, fee schedules, and other notices that put her at least on inquiry notice—if not actual notice—of any claims relating to the fees, particularly given her previous allegation that a fee *in any amount* would be unlawful. June 20 Order, ECF No. 34, at 7.

- Plaintiff contends her claims were tolled by the continuing violation doctrine because, according to Plaintiff, Northern Trust "engag[ed] in a continuing course of conduct"

---

[2] Although Plaintiff asserts again in the Amended Complaint that the subject fees were "buried," she conspicuously chose again not to attach any of the account statements – or, for that matter, any of the fee schedules or other notices – to her pleading. Moreover, Plaintiff conspicuously fails to allege that she in fact did not discover, let alone could not have discovered, the fee had she reviewed the account statements or other documents she referenced. For at least these reasons, Plaintiff's suggestion that the subject charges were "buried" is entitled to no weight.

---

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT          CASE NO. 3:23-cv-00241-TLT

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

charging the fees. But the continuing violation doctrine does not apply because each supposedly unlawful charge would constitute a separate violation.

**Purported Corporate Parent Liability.** Plaintiff added a few allegations about Northern Trust's parent company, NTCORP, but no facts plausibly suggesting that NTCORP "directly participated in the wrong complained of," as the Court's June 20 Order required. June 20 Order, ECF No. 34, at 13 (quotations omitted). Instead, just as in her initial complaint, Plaintiff alleges in the Amended Complaint that NTCORP "approved" the business plans of Northern Trust (ECF No. 39 ¶ 29) and that NTCORP is the "parent company" of various subsidiaries involved with tax preparation, including "overseas entities" (*id.* ¶ 41). Plaintiff tries to muddy the waters by making allegations about a "Global Tax Services" entity that she vaguely asserts is "part of NT CORP" (*id.* ¶ 164), but even if those allegations were true, Plaintiff misses the point. As the Court explained in its June 20 Order, that a subsidiary is "part of" a larger corporate umbrella is not a basis to hold the parent liable for the subsidiary's alleged conduct. June 20 Order, ECF No. 34, at 12-13. For at least these reasons, Plaintiff again failed to allege facts to support a plausible inference that NTCORP did anything beyond the usual "activities of a parent that do not give rise to liability." *Id.* at 13.

## ARGUMENT

Despite a second chance, Plaintiff failed again in her Amended Complaint to plead sufficient facts to change the outcome of the June 20 Order—specifically, dismissal of her class action service charge claims; time-barred claims; accounting, unjust enrichment, and UCL (unfair prong) claims relating to the tax return preparation fee; and all claims against NTCORP. The subject claims should be dismissed with prejudice.

To satisfy her burden on Rule 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not, and should not, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences*." In re Gilead Scis.*

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

*Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Claims that are merely "conceivable"—not plausible—must be dismissed. *See Twombly*, 550 U.S. at 570.

Here, for the reasons set forth below, Plaintiff has not met (and cannot meet) her burden, so each claim should be dismissed, this time with prejudice. *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (affirming dismissal of first amended complaint with prejudice; *citing Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) ("Although leave to amend 'shall be freely given when justice so requires,' it may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit.")).

## I.   PLAINTIFF'S CLASS ACTION SETTLEMENT SERVICE CHARGE-RELATED CLAIMS AGAIN FAIL

In her Amended Complaint, Plaintiff again failed to allege facts to plausibly show that any class action settlement service fee charged to the Fallgren Trust for Northern Trust's class action settlement services was unreasonable or duplicated any general trust administrative fee. Plaintiff's breach of fiduciary duty claim related to this charge (Claim V) must be dismissed. And Plaintiff's tag-along claims relating to the charge—Claim IV (UCL), Claim VI (Accounting), Claim VII (Unjust Enrichment), and Claim VIII (Elder Abuse Act)—fail for the reasons stated in this Court's June 20 Order, including lack of any underlying fiduciary breach.

### A.   Plaintiff Fails to State a Claim for Breach of Fiduciary Duty Based on the Class Action Settlement Service Charge.

As the Court recognized in the June 20 Order (ECF No. 34 at 4-5), under California Probate Code §§ 15681 and 15686(a) and (b), where (as here) the trust instrument does not specify the trustee's compensation, the trustee is entitled to reasonable compensation under the circumstances. Trustees also are permitted to receive both general administration fees and additional fees for extraordinary services, such as services that are not regularly recurring. *See also In re Lopez' Est.*, 79 Cal. App. 2d 399, 403 (1947). In its June 20 Order, the Court dismissed Plaintiff's fiduciary duty claim related to the class action service charge because Plaintiff failed to allege facts to support an inference that the charge was unlawful or otherwise unreasonable. ECF No. 34 at 8. The Court held that Plaintiff's own allegations and arguments refuted any notion that Northern

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

Trust was charging the fee for simply depositing settlement proceeds and supported the conclusion that the services Northern Trust provided were "above the normal administration of a trust and thus not included in Northern [Trust]'s annual administrative fee." *Id.*

Plaintiff now seeks to revive her claim by adding conclusory "information and belief" allegations that (1) the duties covered by Northern Trust's class action settlement service charge are "no different than gathering the requisite records for dividends or interests on accounts, which is part of routine trustee duties" (Am. Compl., ECF No. 39, ¶ 122) and (2) Northern Trust's costs related to processing class action settlements are "minimal." *Id.* ¶¶ 16, 17, and 124. Once again, neither conclusory allegation creates a plausible inference that the charge is unreasonable.

*First*, Plaintiff's allegations in the Amended Complaint only reinforce that Northern Trust's services do not consist of merely "depositing" settlement proceeds or "gathering records," but also include tasks such as:

- "develop[ing]" and "set[ting] up" a computer platform to track information relating to securities class action settlements (Am. Compl., ECF No. 39, ¶¶ 15, 125);

- "monitoring class action settlements" for relevance to trusts administered by Northern Trust (*id.* ¶ 120);

- "receiv[ing] notification of class action settlements as well as other interactive data and information" from a service provider (*id.* ¶ 124);

- "filing claim forms" for trusts that are potentially eligible to participate in the settlement (*id.* ¶ 120; *see also* ¶ 124); and

- "posting disbursements [of class settlement proceeds] where appropriate" (*id.* ¶ 124).

These are just the related services that Plaintiff felt compelled to concede, but even this catalog of activity belies Plaintiff's rote assertion that Northern Trust's services are "minimal" or "routine." *Id.* ¶¶ 122, 124. Further, Plaintiff still does not identify any authority indicating that "processing class action settlements is a regular part of a trustee's duties."[3] June 20 Order, ECF No. 34, at 8.

---

[3] This is compared to, for example, the trustee hiring a third-party class action settlement administrative service and passing that third-party expense along to the trust—which the trustee indisputably could do, just as the trustee indisputably could engage a third-party tax preparer to prepare the trust's tax returns for a separate fee.

---

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

1    *Second*, Plaintiff's allegations about the supposed "minimal" costs associated with the class

2    action service charge are not supported by well-pled facts, only "information and belief"

3    speculation. Most of Plaintiff's allegations about Northern Trust's processes and systems for

4    handling class action settlements are prefaced with "information and belief" or similar disavowals

5    of actual knowledge. Am. Compl., ECF No. 39, ¶¶ 15, 124, 126.  Conclusory "information and

6    belief" allegations of this sort are "insufficient under *Iqbal/Twombly*." *Menzel v. Scholastic, Inc*.,

7    No. 17-cv-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018); *see also Delphix*

8    *Corp. v. Actifo, Inc*., No. 13-cv-4613-RS, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014)

9    ("Information and belief . . . creates a further inference that plaintiff likely lacks knowledge of

10   underlying facts to support the assertion, and is instead engaging in speculation to an undue

11   degree.").

12   Moreover, even if Plaintiff had a factual basis to quarrel over the basis for the fee (and she

13   does not), as the Court recognized in its June 20 Order, trustees are entitled to reasonable

14   compensation for the services they provide, and Plaintiff has pointed to no authority for the

15   incredible proposition that trustees must provide their services at or below their own cost. June 20

16   Order, ECF No. 34, at 4. "There is . . . no inflexible rule for measuring the allowance, the question

17   of what is a reasonable compensation depending 'largely upon the circumstances of each particular

18   case[,]'" including, but not limited to, "the success or failure of the administration of the trustee,"

19   "any unusual skill or experience which the trustee in question may have brought to his [or her]

20   work," "the custom in the community," and "any estimate which the trustee has given of the value

21   of his own services." *See In re McLaughlin's Est*., 43 Cal. 2d 462, 467-68 (1954)*.* Plaintiff alleged

22   no facts to support a plausible inference that a $25 class action service charge is unreasonable; and

23   Plaintiff's speculative conclusion that the charge doesn't satisfy *each* of the *McLaughlin* factors

24   (which is not required) does not cure Plaintiff's deficient pleading. *See* Am. Compl., ECF No. 39,

25   ¶ 232.

26   **B.    Plaintiff Fails to State a UCL Claim Based on the Class Action Settlement**
     **Service Charge.**

27   The Amended Complaint did not cure the defects that the Court identified in dismissing

28   Plaintiff's UCL claims relating to the class action service charge—that is, the underlying breach

---

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                          CASE NO. 3:23-cv-00241-TLT

of fiduciary duty claim failed and "the Complaint did not cite to any legislatively declared policy." June 20 Order, ECF No. 34, at 10-11. Plaintiff's UCL claim should be dismissed again.

*First*, Plaintiff did not plead a predicate violation of law to satisfy the unlawful prong of the UCL. As the Court recognized, "the UCL 'borrows' violations of other laws and treats them as independently actionable." *Id*. at 10. Here, as demonstrated above, Plaintiff did not plead facts sufficient to state a claim for fiduciary duty based on the class action settlement service charges, so her UCL (unlawful prong) claim also fails.

*Second*, Plaintiff failed to state a claim under the unfair prong of the UCL.[4] In the Amended Complaint, Plaintiff repled her "unfair" UCL claim, but in so doing, Plaintiff merely sets out the same provisions of the California Probate Code that she previously cited as the basis for the purported legislatively declared policy required to state the claim. Am. Compl., ECF No. 39, ¶ 215. That is insufficient. To state a claim under the unfair prong of the UCL, Plaintiff must explain how the disputed conduct differs from unlawful conduct. *Ruberson v. Gerdau Reinforcing Steel*, No. 19-cv-01533, 2020 WL 3891679, at *4 (C.D. Cal. Apr. 10, 2020); *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-2965-MMC, 2015 WL 4719048, at *10 (N.D. Cal. Aug. 7, 2015) (dismissing UCL unfairness claim where plaintiff did not allege any "'unusual' aspect of the conduct" to show it "violates the 'policy and spirit' of the [laws] without violating the actual laws themselves"). But here, not only is there no supporting violation, Plaintiff again failed to allege facts to plausibly distinguish the allegedly unfair conduct that supposedly violates the policy and spirit of the laws from the allegedly unlawful conduct that supposedly violates any actual law. Plaintiff's conclusory allegations that the disputed conduct is "substantially injurious" and with "no utility" cannot overcome her pleading deficiencies. Am. Compl., ECF No. 39, ¶ 216.

Plaintiff's UCL claim also fails because Plaintiff did not plead any facts to show that she lacks an adequate remedy at law, instead offering only a bare conclusory assertion. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of equitable claim because plaintiff "fail[ed] to explain how the same amount of money for the exact same harm is

---

[4] Plaintiff does not purport to assert a claim under the fraudulent prong of the UCL.

inadequate or incomplete, and nothing in the record support[ed] that conclusion"); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907-09 (N.D. Cal. 2021) (dismissing equitable claims where the complaint did not show that legal remedies were unavailable or inadequate as to either past or future injury).

### C. Plaintiff Fails to State a Claim for Accounting Based on the Class Action Settlement Service Charge.

The Court properly dismissed Plaintiff's accounting claim relating to the class action service charge in the original complaint because "[a] right to accounting is derivative" of other claims, and Plaintiff failed to state a claim of breach with respect to the subject charge. June 20 Order, ECF No. 34, at 9 (quoting *Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824, 833 (1998)). Plaintiff's Amended Complaint did not cure the defects in the predicate breach of fiduciary duty claims, so her accounting claim fails again.

Plaintiff's accounting claim also fails because Plaintiff did not plead any facts to show that she met the statutory prerequisites for an accounting under the California Probate Code. *See* Cal. Prob. Code § 17200(b)(7). Among other things, Plaintiff did not plead (because she cannot) that she is actually a person entitled to an accounting under the Code—that is, a person who is not merely a beneficiary, but "a beneficiary to whom income or principal is required or authorized in the trustee's discretion to be currently distributed." Cal. Prob. Code § 16062.

### D. Plaintiff Fails to State a Claim for Unjust Enrichment, Quasi-Contract, or Restitution Based on the Class Action Settlement Service Charge.

In the June 20 Order, the Court generously construed Plaintiff's unjust enrichment claim as a quasi-contract claim for restitution, but still dismissed the claim because Plaintiff (1) failed to show that quasi-contract is appropriate in the trust context and (2) failed to adequately plead that she lacks an adequate remedy at law. ECF No. 34 at 9-10. Plaintiff cured neither defect.

*First*, quasi-contract is not appropriate where, as here, "express binding agreements exist and define the parties' rights." *Suruki v. Ocwen Loan Servicing, LLC*, No. 15-cv-00773-JST, 2016 WL 7741734, at *5 (N.D. Cal. July 22, 2016) (quoting *California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001)) (dismissing quasi-contract claim because Deed of Trust and Note defined the parties' rights). *Second*, just as with her UCL claim,

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

Plaintiff pled no facts in her Amended Complaint to support her conclusory assertion that she lacks an adequate remedy at law. *See Sonner*, 971 F.3d at 844.

Plaintiff's claim also fails because the claim and relief sought is duplicative of Plaintiff's UCL claim. *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 967 (N.D. Cal. 2013) (dismissing restitution claim as duplicative of remedy for asserted UCL claim and therefore superfluous).

For these reasons, Plaintiff again did not adequately plead, and cannot adequately plead, any of the tag-along claims based on the class action service charge fee. Each should be dismissed.

## II.    PLAINTIFF'S ATTEMPTS TO AVOID THIS COURT'S STATUTE OF LIMITATIONS RULING FAIL

The Court previously rejected Plaintiff's argument that the discovery rule tolled her claims and held that Plaintiff's tax return preparation fee-based claims are time-barred to the extent they arose more than 3 or 4 years (depending on the claim)[5] prior to the filing of this lawsuit. June 20 Order, ECF No. 34, at 6-7. As the Court explained, "the discovery rule 'permits delayed accrual until a plaintiff knew or should have known of the wrongful conduct at issue.'" *Id.* at 7 (quoting *El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1039 (9th Cir. 2003)). "[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on inquiry or if they have the opportunity to obtain knowledge from sources open to their investigation." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (cleaned up).  The Court held that the discovery rule did not apply because, based on her own allegations, Plaintiff was "on notice" and "could have investigated" the tax return preparation fee (and, Defendants submit, the class action service charge)[6] based on the account statements, fee schedules, and other fee-related notices and correspondence that she admittedly received, "particularly as Plaintiff alleged that any amount of fee for preparing tax returns is a breach of fiduciary duty." June 20

---

[5] Specifically, Plaintiff's UCL and Elder Abuse Law claims are subject to, at most, a four-year limitations period, and Plaintiff's breach of fiduciary duty claims are subject to a three-year limitations period. June 20 Order, ECF No. 34, at 6-7.

[6] Having already dismissed all of Plaintiff's claims relating to the class action service charge, the Court did not specifically address those claims with respect to the statute of limitations. Defendants submit that the same analysis and, therefore, the same result should apply, as Plaintiff admits that Northern Trust disclosed both fees (the tax return preparation fee and the class action service charge) in the periodic account statements and other notices that Plaintiff admittedly received.

---

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                    CASE NO. 3:23-cv-00241-TLT

Order, ECF No. 34, at 7. The Court also found that "Plaintiff did not allege facts that [she] investigated whether Northern prepared the Trust's tax returns overseas." *Id.* For at least these reasons, "the Court [did] not find it plausible that Plaintiff could not have uncovered these facts." *Id*.

In the Amended Complaint, Plaintiff asserted three arguments in an attempt to avoid the Court's statute of limitations ruling. None succeed. As detailed below, (1) *American Pipe* tolling does not apply, (2) Plaintiff's new discovery rule allegations add nothing helpful to Plaintiff, and (3) the continuing violation doctrine does not apply.

**A.    *American Pipe* Tolling Does Not Apply.**

Plaintiff alleges that the *Banks v. Northern Trust* case filed in federal court tolled the statute of limitations on her individual and putative class claims pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554 (1974). Am. Compl., ECF No. 39, ¶ 159. Plaintiff is wrong. Plaintiff's claims all arise under California law. Federal courts handling state law claims must apply state law to determine whether a previous action filed in a federal court or a different state court tolls a state statute of limitations—that is, whether there is "cross-jurisdictional tolling." *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1015-17 (C.D. Cal. 2011). There is no cross-jurisdictional tolling in California. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) ("The California Supreme Court has not adopted such cross-jurisdictional tolling, however, and few states do."). Therefore, federal courts have "no authority to apply *American Pipe* to toll the state statutes of limitation" on California state law claims based on a prior case filed in federal court. *Centaur Classic*, 878 F. Supp. 2d at 1017; *see also, e.g.*, *Beasley v. Lucky Stores, Inc.*, No. 18-cv-07144-MMC, 2020 WL 408971, at *5 (N.D. Cal. Jan. 24, 2020) (an action filed in Northern District of California does not toll the state statutes of limitations in a subsequent lawsuit because "cross-jurisdictional tolling is not recognized under California law"); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*, No. 17-cv-06656-AB-FFMX, 2019 WL 6998668, at *4 (C.D. Cal. Sept. 5, 2019) ("This Court is bound by Ninth Circuit precedent, so *American Pipe* cannot apply to toll the statute of limitations cross-jurisdictionally[.]") (*citing Clemens*).

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

Even if *American Pipe* did apply (and it does not for the reason stated above), it would only toll the applicable limitations period for Plaintiff's *individual* claims, not for any putative class claims. *China Agritech v. Resh*, 138 S. Ct. 1800, 1804 (2018). Moreover, contrary to Plaintiff's assertion that *American Pipe* would give Plaintiff the same limitations period as the Plaintiff in *Banks* (*i.e.*, "back to 2013"), at most, tolling would only apply for the period between the filing of the *Banks* lawsuit in December 2016 and the denial of class certification in December 2019. *Id.* at 1809; *see also Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985). After the denial of class certification in *Banks*, there would be no further tolling, which is another reason Plaintiff's *American Pipe* argument is wrong.[7]

**B.    The Discovery Rule Still Does Not Toll Plaintiff's Claims.**

Plaintiff recycles yet another argument this Court rejected—that the discovery rule tolls her claims. *See* Am. Compl., ECF No. 39, ¶¶ 161-168; June 20 Order, ECF No. 34, at 6-7. As noted above, the Court already held that the discovery rule does not apply because Plaintiff's own allegations establish that she was on (at least) inquiry notice. June 20 Order, ECF No. 34, at 7. In her Amended Complaint, Plaintiff realleges that she received "regular periodic accounting statements and other form communications" setting out the tax return preparation fees (Am. Compl., ECF No. 39, ¶¶ 47, 84, 91), including "template form letters and fee schedules" advising that Northern Trust charges a separate tax return preparation fee (*id.* ¶ 87) and an October 31, 2016 letter "announcing tax fee charges" (*id.* ¶ 85). Plaintiff even adds new allegations acknowledging that she was a member of a putative class in the *Banks* action "challenging . . . Northern Trust's tax return preparation fees" on December 9, 2016 (*id.* ¶ 159), and that Northern Trust sent her a form notice in 2014 advising that the tax return preparation fees would increase in 2015 (*id.* ¶ 7), as well as a form notice in 2016 announcing a fee increase in January 2017. *Id.* ¶ 8.

Plaintiff also alleges that Northern Trust's fee schedules, account statements, and other documents did not "indicate" to her that the challenged fees were "excessive" and "[bore] no

---

[7] The *Banks* complaint was filed on Dec. 9, 2016 and class certification was denied on Dec. 6, 2019. The present action was filed on Nov. 10, 2022, nearly three years later, so any putative claims Plaintiff had prior to *Banks* would be overwhelmingly, if not entirely, time-barred.

---

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT                CASE NO. 3:23-cv-00241-TLT

relation to the minimal internal costs and scant amount of human work required." Am. Compl., ECF No. 39, ¶¶ 4, 6, 10, 88, 99, 115-120. But Plaintiff's argument that these documents, which indisputably disclosed both the fact that a separate fee was being charged and the amount of the fee, were insufficient to put her on notice of her putative claims has already been properly rejected by the Court, especially in light of Plaintiff's persistent theme that Northern Trust should not be charging separate fees at all.[8] In short, as the Court previously held, Plaintiff had (repeated) notice of the fees, as well as the "opportunity to obtain knowledge" from Northern Trust regarding those fees. *See Fox*, 35 Cal. 4th at 808; *Lazzarone v. Bank of Am.*, 181 Cal. App. 3d 581, 597 (1986) ("plaintiff was properly chargeable with knowledge of easily ascertained matters, such as the performance of [b]ank's trust funds as compared with those of other financial institutions").

Plaintiff next attempts to salvage her discovery rule argument by reference to a different case, *Henderson v. Bank of New York Mellon*. Am. Compl., ECF No. 39, ¶ 162. But Plaintiff's reliance on *Henderson* is misplaced. In *Henderson*, the defendant bank allegedly outsourced to a third-party accounting firm (PwC) responsibility for preparing its trust clients' fiduciary trust tax returns and then charged the trusts a higher tax return preparation fee than PwC charged the bank, without disclosing this markup of the third-party tax preparer fee to the beneficiaries. 332 F. Supp. 3d 419, 432 (D. Mass. 2018). Here, Plaintiff suggests *Henderson*-like facts with her misleading "information and belief" allegations, but alleges zero well-pled facts that Northern Trust outsourced preparation of trust tax returns, whether overseas or otherwise, let alone to an unaffiliated outside tax preparer. At most, Plaintiff's allegations suggest that a Northern Trust affiliate (according to Plaintiff, a subsidiary of NTCORP) in India may have provided

---

[8] In an effort to avoid the Court's statute of limitations ruling, Plaintiff seeks to disavow the central argument of her original complaint with the unsubtle assertion in her amended pleading that she "does not contend that any tax return preparation fee is by itself unlawful." Am. Compl., ECF No. 39, ¶ 166. But not only does her original theme persist in other parts of her amended pleading (*see, e.g.*, *id.* ¶¶ 3-4, 101-102, 142(a)), the Court need not disregard the allegations from Plaintiff's original complaint. *See McKenna v. WhisperText*, No. 14-cv-00424-PSG, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) ("[W]hen evaluating an amended complaint, '[t]he court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether' an amended complaint 'plausibly suggests an entitlement to relief.'")

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

administrative support in connection with the preparation of fiduciary tax returns. Am. Compl., ECF No. 39, ¶¶ 41, 89. Plaintiff does not plausibly allege that this Northern Trust affiliate had substantive involvement in tax return preparation, that Northern Trust was charged a fee by this affiliate for its administrative support, or that Northern Trust "marked up" any such (nonexistent) fee before posting the fee to any trust account. Plaintiff also does not allege Northern Trust ever charged the Fallgren Trust (or any putative trust) any fee other than the fee set forth in the applicable fee schedule or otherwise misrepresented the amount of the fee to be charged. *Id.* ¶ 9. In fact, Plaintiff affirmatively alleges that "the fees charged to the [putative] class trusts match the fee schedule." *Id.* ¶¶ 91-92.

### C. The Continuing Violation Doctrine Does Not Apply.

Plaintiff next claims that her claims were tolled by the continuing violation doctrine. Again, Plaintiff is wrong. The continuing violations doctrine "is inapplicable where a complaint identifies 'a series of discrete, independently actionable alleged wrongs,'" including, for example, where the alleged wrongs are a serious of purported overcharges. *Tawfik v. JPMorgan Chase Bank, N.A.*, No. 20-cv-02946-JSC, 2020 WL 5074398, at *5 (N.D. Cal. Aug. 26, 2020); *see also Focus 15, LLC v. NICO Corp.*, No. 21-cv-01493-EMC, 2022 WL 267441, at *10 (N.D. Cal. Jan. 28, 2022) (holding continuing violation doctrine inapplicable in case involving promissory note repayment because "each failure to pay constituted an independent actionable wrong"). The continuing violation doctrine likewise does not apply here because the Amended Complaint identifies each of the challenged fees (whether for tax return preparation or class action settlement services) as supposedly unlawful and, thus, as an independent basis for her putative claims. *See, e.g.,* Am. Compl., ECF No. 39, ¶¶ 91, 178, 191.

### III. PLAINTIFF AGAIN FAILS TO ALLEGE TAX RETURN PREPARATION FEE-RELATED CLAIMS FOR ACCOUNTING, UNJUST ENRICHMENT, AND UCL (UNFAIR PRONG)

Plaintiff's Amended Complaint adds nothing to undercut the Court's dismissal of Plaintiff's tax return preparation fee-related claims for accounting, unjust enrichment, and violation of the UCL (unfair prong).

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

**Accounting.**  In her initial complaint, Plaintiff alleged that she was entitled to an "equitable accounting" related to the tax preparation fee and the class action service charge. *See* June 20 Order, ECF No. 34, at 8-9.  The Court rejected those claims, holding that Plaintiff had not identified any legal requirement that Northern Trust do more than disclose the fees themselves, which Northern Trust did.  *Id.*  The Court also found that Plaintiff had not alleged facts establishing that "the complicated nature of accounts would make it difficult, if not impossible, for a jury to unravel the numerous transactions" or that "the accounting is incidental to a demand for equitable relief." *Id.* (quotations omitted). In her Amended Complaint, Plaintiff again attempts to allege claims for an accounting in relation to the tax preparation fee (Claim II) and class action service charge (Claim VI). But Plaintiff added no substantive allegations that should revive the accounting claims based on the criteria set forth in the Court's June 20 Order. The Court should again dismiss both claims. In addition, for the reasons stated above, *supra*, at pp. 12-14, Plaintiff's accounting claim also fails because Plaintiff did not plead any facts to show that she meets the statutory prerequisites for an accounting under the California Probate Code.

**Unjust enrichment.** The Court rejected Plaintiff's claims for unjust enrichment (Claims III and VII) because Plaintiff identified no authority for the proposition that "quasi-contract is appropriate in the context of a trust," nor alleged facts establishing that "a remedy at law is inadequate."  June 20 Order, ECF No. 34, at 9-10.  With respect to Claims III and VII, Plaintiff's repleading consists only of cosmetic changes to the titles of the claims (adding the phrase "quasi-contract/restitution" to each).  Am. Compl., ECF No. 39, at 29, 34.  Again, Plaintiff added nothing of substance that should alter the Court's dismissal of these claims.

**UCL (unfair prong).**  The Court dismissed the portion of Plaintiff's UCL claim that rested on the "unfair" prong of that statute, finding that "the Court is not convinced that a violation of the Probate Code itself amounts to a legislatively declared policy for purposes of an unfair business practice under the UCL." June 20 Order, ECF No. 34, at 11. The Court further held that Plaintiff had not alleged facts plausibly supporting a claim that Northern Trust's fees are "substantially injurious to consumers."  *Id.*  In her Amended Complaint, Plaintiff repled her "unfair" UCL claim, primarily by adding a long string-cite of statutory provisions to her pleading. Am. Compl., ECF

No. 39, ¶ 215. But, as the Court has already ruled, pointing to a laundry list of Probate Code provisions does not establish a "legislatively declared policy" protected under the UCL. June 20 Order, ECF No. 34, at 11. Plaintiff's conclusory assertions that the tax preparation fee has "no utility" and is "substantially injurious" also do not save this claim. *See Price v. Apple, Inc.*, 2022 WL 1032472, at *5 (N.D. Cal. April 6, 2022) (dismissing "unfair" UCL claim because "these allegations simply parrot the legal standard for 'unfair business practice'"). Plaintiff's UCL claim also fails because Plaintiff again did not plead facts to show that she lacks an adequate remedy at law. *See Sonner*, 971 F.3d at 844.

For those reasons, the Court should again dismiss Plaintiff's tax return preparation fee-based accounting, unjust enrichment, and "unfair" UCL claims, this time with prejudice.

## IV.    PLAINTIFF AGAIN FAILS TO STATE ANY CLAIM AGAINST NTCORP

The Amended Complaint does not plausibly assert any basis for liability against NTCORP. The Court previously dismissed all of Plaintiff's claims against NTCORP. June 20 Order, ECF No. 34, at 12-13. In so doing, the Court applied the "general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries," unless a complaint plausibly avers that the parent directly participated in the alleged wrongdoing. *Id.* (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). "Activities such as 'monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures'" do not support inferences of liability. *Id.* at 12 (quoting *Bestfoods*, 524 U.S. at 72). The Court held that Plaintiff's allegations against NTCORP failed to establish direct participation and were "more akin to the activities of a parent that do not give rise to liability." *Id.* at 13.

Plaintiff tries but fails to save her claims against NTCORP by adding allegations that NTCORP allegedly approved of the use of an overseas affiliate to perform tax return preparation work (Am. Compl., ECF No. 39, ¶¶ 29, 103) and that NTCORP controls the affiliate (*id.* ¶¶ 13, 41, 43, 164-65). But these few new allegations against NTCORP are more of the same: speculative and conclusory allegations that offer nothing of substance to plausibly suggest that NTCORP—

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

1  which, again, Plaintiff admits is a bank holding company, not an operating company (*id*. ¶ 2)—

2  engaged in anything beyond the usual corporate parent activity that does not support liability.

3      Approving business plans is an ordinary act of a parent that does not constitute direct

4  participation in alleged wrongdoing. June 20 Order, ECF No. 34, at 13. Even if accepted as true,

5  Plaintiff's conclusory allegation that NTCORP approved the use of an overseas affiliate to perform

6  tax return preparation work is an ordinary act of corporate parenthood. *Compare* Initial Complaint

7  ¶ 19 *with* Am. Compl., ECF No. 39, ¶¶ 29, 103. Likewise, the existence of a parent-subsidiary

8  relationship is insufficient, on its own, to establish a parent corporation's liability for the acts of

9  its subsidiaries. Am. Compl., ECF No. 39, at 12-13. *See Pantoja v. Countrywide Home Loans,*

10  *Inc.*, 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009) ("It is the general rule that a parent corporation

11  and its subsidiary will be treated as separate legal entities.").[9] Accordingly, Plaintiff's bare

12  recitations of corporate structure, conclusory allegations of control (whether of Northern Trust or

13  of any overseas affiliate that may provide limited administrative support to Northern Trust's U.S.-

14  based tax preparation team), and disingenuous reliance on an employee's failure to distinguish

15  between Northern Trust and NTCORP in his LinkedIn profile do not support liability against

16  NTCORP for any of the conduct alleged. Am. Compl., ECF No. 39, ¶¶ 13, 41, 43. Finally,

17  activities such as "monitoring of the subsidiary's performance" are ordinary activities of the

18  corporate parent that do not constitute direct participation in allegedly wrongful conduct or

19  otherwise support liability. *Bastidas v. Good Samaritan Hosp.*, No. 13-cv-04388-SI, 2014 WL

20  3362214, at *4 (N.D. Cal. July 7, 2014).

21      And again, Plaintiff's threadbare "information and belief" allegations are insufficient as a

22  matter of law to support a claim. *Menzel*, 2018 WL 1400386, at *2; *see Delphix*, 2014 WL

23  4628490, at *2. Here, Plaintiff made "information and belief" assertions that Defendants

24  outsourced "much" of the preparation of tax returns to an unidentified overseas party, but failed to

25  allege any actual facts to plausibly support those assertions. *See Menzel*, 2018 WL 1400386, at *2.

26

27    [9] Plaintiff also did not plead any facts to implicate any of the exceptions to the general bar against
parent liability. *Pantoja*, 640 F. Supp. 2d. at 1192. For example, Plaintiff does not allege that NT

28  CORP should be held liable as an alter ego of Northern Trust or that the corporate distinction
between NT CORP and Northern Trust should be disregarded for any other reason.

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT      CASE NO. 3:23-cv-00241-TLT

For at least these reasons, all of Plaintiff's claims against NTCORP should be dismissed.

## CONCLUSION

For the reasons set forth herein, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Northern Trust Corporation and The Northern Trust Company respectfully request that the Court enter an Order dismissing the claims addressed herein with prejudice, as Plaintiff has shown that she cannot allege facts sufficient to support the subject claims, and order such further relief in Defendants' favor as the Court deems appropriate under the circumstances.

Dated: August 16, 2023                    Respectfully submitted,

**JENNER & BLOCK LLP**

*By:*    */s/ Rachael M. Trummel*
Rachael M. Trummel (admitted *pro hac vice*)
Daniel J. Weiss (admitted *pro hac vice* )
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
RTrummel@jenner.com
DWeiss@jenner.com

Laurie Edelstein
Caroline Hirst
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105-2453
Telephone: (628) 267-6800
Facsimile: (628) 267-6859
LEdelstein@jenner.com
CHirst@jenner.com

*Attorneys for Defendants*
*Northern Trust Corporation*
*and The Northern Trust Company*

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105